IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

NICOLAS PALACIOS CRESPIN,
Petitioner,

v. Civil No. 3:26cv717 (DJN)

FACILITY ADMINISTRATOR / WARDEN,
FARMVILLE IMMIGRATION
DETENTION CENTER, *et al.*,
Respondents.

**MEMORANDUM ORDER**
**(Granting 28 U.S.C. § 2241 Petition)**

This matter comes before the Court on Petitioner Nicolas Palacios Crespin's ("Petitioner") Corrected Emergency Petition for Writ of Habeas Corpus (ECF No. 9 ("Petition" or "Pet.")). Petitioner, a native and citizen of El Salvador, filed his Petition under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since May 26, 2026. Specifically, Petitioner alleges that his detention violates DHS's regulations, 8 C.F.R. § 241.4(1), and his due process rights under the doctrine of *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), among other claims. For the reasons set forth below, the Court hereby GRANTS the Petition (ECF No. 9).

## I. BACKGROUND

Petitioner, a former police officer in his native El Salvador, entered the United States in 2006. (Pet. at 4.) In 2013, Petitioner was denied asylum but was granted protection from removal to El Salvador. (*Id.*) Since then, Petitioner has lived in Virginia under ICE supervision.

(*Id.* at 9.) During that time, Petitioner represents that has reported to ICE as required and has incurred no new criminal charges. (*Id.* at 4–5.)

On May 26, 2026, following accusations of missing a required monitoring check-in that Petitioner disputes, ICE officers detained Petitioner as he was arriving at a scheduled check-in. (*Id.* at 5.)

Petitioner represents that he has not received a valid written Notice of Removal and that ICE "did not provide him a valid written Notice of Revocation of Release, did not give stated reasons for revocation, did not identify any true supervision violation, did not provide the prompt informal interview required by 8 C.F.R. § 241.4(1)(1), and did not produce a changed-circumstances determination under 8 C.F.R. § 24 l .13(i) showing that lawful removal is significantly likely in the reasonably foreseeable future." (*Id.* at 2.) On that basis, Petitioner asserts that "ICE violated its own binding regulations and the Due Process Clause" under the *Accardi* doctrine. (*Id.*)

Petitioner filed the instant corrected Petition on July 31, 2026, along with accompanying briefs and motions seeking emergency relief and expedited handling of his case. (ECF Nos. 9–12.) On August 4, 2026, the Court entered an Order directing Respondents to file a responsive pleading to Petitioner's Petition. (ECF No. 13.) In that Order, the Court directed Respondents to address the Court's recent Order Granting 28 U.S.C. § 2241 Petition in *Matute Salgado v. Crawford*, Civil Case No. 3:26cv349 (E.D. Va. June 17, 2026), ECF No. 11 ("*Matute-Salgado*"), and set forth the reasons, if any, why material factual or legal differences between *Matute Salgado* and this Petition exist. (*Id.* at 1.) In that case, the Court confronted a similar habeas petition by an ICE detainee who was taken into custody without prior warning when arriving at a regular check-in, and whose supervised release was revoked despite ICE officers failing to

comply with DHS's own regulations. *Matute-Salgado* at 2–3. The Court found that ICE violated the petitioner's due process rights under the *Accardi* doctrine by disregarding the text of its own regulations in detaining the petitioner and granted the petitioner's habeas petition, ordering his release from ICE detention. *Id.* at 12–13.

Respondents filed their response on August 11, 2026. (ECF No. 15.) There, Respondents confirmed that "the factual and legal issues presented in the instant Amended Petition do not differ in any material fashion from those presented in *Matute Salgado*." (*Id.* at 1.) Respondents did not refute any of Petitioner's factual allegations and provided no further argument in opposition to Petitioner's Petition.

## II. ANALYSIS

As conceded by Respondents, the facts of this case and the legal issues raised closely resemble those in *Matute Salgado*. There, this Court summarized the governing legal framework as follows:

> ICE officials lack discretion to decide whether to comply with [DHS] regulations. *Kale v. Alfonso-Royals*, 139 F.4th 329, 336 n.3 (4th Cir. 2025) ("[A]n agency lacks discretion to disobey [its] regulations even if it has discretion to create those regulations in the first place."); *Accardi*, 347 U.S. at 268 (requiring the government to follow its own "existing valid regulations"); *see also Nader v. Blair*, 549 F.3d 953, 962 (4th Cir. 2008) (describing the *Accardi* doctrine as providing that, "when an agency fails to follow its own procedures or regulations, that agency's actions are generally invalid."). Although a habeas petitioner bears the burden of showing that his custody is unlawful, the regulation frames what that showing requires here. Section 241.4(l) does not merely permit revocation; it conditions a lawful revocation on specified findings and procedures. A petitioner therefore establishes an *Accardi* violation by demonstrating that the agency's own notice does not reflect the prerequisites that the regulation demands, and a general invocation of agency discretion does not supply that which the regulation requires. *See Aguilar v. Mullin*, 2026 WL 1256825, at *4 (E.D. Va. Apr. 29, 2026) (granting relief where the notice "lacked the requisite factual findings" or suffered "some other material deficiency under Section 241.4(l)"); *Portillo Sosa v. Noem*, 2026 WL 1298657, at *4 (E.D. Va. May 4, 2026) (rejecting the contention that the regulations' grant of discretion excused the absence of the required findings).

*Matute-Salgado* at 6.

Turning to the regulations at issue, the Court provided the following summary of 8 C.F.R. § 241.4(l)(2):

> Section 241.4(l)(2) specifies which ICE officials may revoke an order of supervision and on what findings. Under that provision, the "Executive Associate Commissioner" has the "authority, in the exercise of discretion, to revoke release and return to Service custody an alien previously approved for release," and a "district director may also revoke release . . . when, in the district director's opinion, revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner." 8 C.F.R. § 241.4(l)(2).

*Id.* at 7. As the Court explained, this regulation requires the district director to make the relevant findings concerning the public interest and whether referral is reasonably permissible; "a declarant's after-the-fact gloss constitutes a post-hoc rationalization that cannot serve as a sufficient predicate for agency action, and in any event cannot supply findings that are absent from the Notice itself." *Id.* at 9 (internal citation and quotation marks omitted); *see also Serpas v. Simon*, No. 1:25-cv-02369-AJT-WBP, 2026 WL 1244544, at *5 (E.D. Va. Feb. 3, 2026) ("[W]here the regulations require [a particular] determination" as a precondition to a deprivation of liberty, the Court "cannot infer that to be the case.")

The Court subsequently turned to 8 C.F.R. § 241.4(l)(1) and its requirements surrounding timely notice and an informal interview, summarizing the provision as follows:

> That provision directs that a noncitizen returned to custody "will be notified of the reasons for revocation of his or her release" and "will be afforded an initial informal interview promptly after his or her return to Service custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.4(l)(1).

*Matute-Salgado* at 9.

Having found that ICE violated the above regulations in the case at bar, the Court turned to assessing the appropriate remedy for an *Accardi* violation in this context:

> Because ICE disregarded the text of its own regulations in detaining Petitioner, federal respondents must release Petitioner from custody immediately. *Kale*, 139 F.4th at 336 n.3; *accord Portillo Sosa*, 2026 WL 1298657, at *4 ("[A]s the challenged action here is revocation of an order of release, the corresponding appropriate relief is to order Petitioner's release, as multiple courts have done on analogous facts."); *Rojas Toj*, 2026 WL 1458900, at *5 (failure to follow § 241.4(l)(1) "renders [a noncitizen's] current detention unlawful and entitles him to immediate release."); *Vera Briones v. Mullin*, 1:26-cv-00994-MSN-WBP, ECF 5 at 6 (E.D. Va. Apr. 22, 2026) ("[T]he proper remedy for an *Accardi* violation is a petitioner's release").

*Id.* at 12.

Here, Petitioner alleges that, despite his status as a "noncitizen returned to custody," he was provided with neither a valid Notice of Revocation of Release nor any other reasons for his revocation, and that he did not receive a prompt informal interview during which he could respond to ICE's reasons for revoking his supervised release. (Pet. at 2.) Respondents do not refute Petitioner's allegations. As such, on the record before it, the Court finds that Respondents failed to comply with their obligations under 8 C.F.R. § 241.4(l)(1). In accordance with the case law and with this Court's recent finding in *Matute-Salgado*, the Court therefore finds that Respondents have violated Petitioner's due process rights under *Accardi* and must release Petitioner from custody immediately.

## III. CONCLUSION

For the above reasons, the Court GRANTS Petitioner's Petition (ECF No. 9). It is further ORDERED that:

1. Respondents RELEASE Petitioner from custody, with all of his personal property, subject to the conditions of any preexisting Order of Supervision, no later than 4:00 p.m. on the second business day following the entry of this Order. The federal respondents may not impose any new or additional conditions on Petitioner's release, other than those previously imposed upon him in that Order of Supervision, without leave of court.

2. Any revocation of Petitioner's Order of Supervision is VACATED.

3. Respondents, along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them, are ENJOINED from rearresting Petitioner unless (1) he commits a violation of any federal, state, or local law; (2) he fails to comply with the conditions of his Order of Supervision; or (3) any Order of Supervision has been lawfully revoked in a manner consistent with DHS's regulations and the Due Process Clause.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: August 19, 2026